E-FILED
Wednesday, 25 June, 2008  01:05:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALLAN O. MOORE,
  Plaintiff,

  vs.                                      Case No. 07-1325

STEPHEN C. MATHERS, et. Al.
  Defendant.

## ORDER

The plaintiff has filed a motion to reconsider the January 9, 2008 Court Order dismissing his complaint for failure to pay the filing fee. [d/e 4] A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff's motion does not reference either rule, but it was not filed within ten days after judgement was entered. Therefore, the court will consider the plaintiff's motion pursuant to Rule 60.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994).

The plaintiff claims a mistake was made. On November 30, 2007, the plaintiff, a state prisoner, originally filed his complaint pursuant to 42 U.S.C. §1983. On November 30, 2007, the court noted that the plaintiff had accumulated three strikes pursuant to 28 U.S.C. §1915(g) and ordered the plaintiff to pay the filing fee in full. The plaintiff did not respond to the order, nor did he pay the filing fee. On January 9, 2008, his case was dismissed.

The plaintiff says the court's dismissal order made reference to three of his previous cases: *Moore v Knox County Police Department,* Case No. 04-1055; *Moore v. Peoria Police Department,* Case No. 03-1336; and *Moore v Moore,* Case No. 01-1306. The plaintiff says he did not accumulate a strike in Case No. 01-1306 because the case was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiff asks the court to reinstate his current case, then allow him to dismiss it on his own motion and remove his name from the three strikes list.

The plaintiff's motion is denied. First, several courts have considered *Heck* dismissals as strikes pursuant to §1915(g) because when the complaint was filed, it failed to state a claim upon which relief could be granted. *See Sims v. Daughterty,* 2006 WL 4990909 (N.D.Ind., March 10,
2006); *Davis v. Kansas Dept. of Corrections,* 507 F.3d 1246 (10th Cir. 2007); *Canady v Thaler,* 2002 WL 31017505 (5th Cir. Aug. 21, 2005).

Second, even if the court did not count *Moore v Moore,* Case. No. 01-1306, as one of the plaintiff's strikes, he has still accumulated three strikes. In *Moore v. Newell,* Case No. 02-1083, the plaintiff's complaint was dismissed on September 26, 2002 and the plaintiff was advised that the dismissal would count as a strike pursuant to §1915(g). *See Moore v Newell,* Case No. 02-1083, September 26, 2002 Court Order. The plaintiff will remain on the three strikes list.

**IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider its January 9, 2008 Court Order dismissing this case, allow the plaintiff to voluntarily dismiss his case and remove his name from the three strikes list is denied. [d/e 4]**

Enter this 25th day of June, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE